UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAYE SLICE,

           Plaintiff,

  vs.

HARLEY LAPPIN, Director, Federal Bureau of Prisons; ROBERT McFADDEN, Western Regional Director FBOP; PAUL COPENHAVER, Warden, FBOP Dublin; DR. BASILE, FBOP Dublin Health Services Director; DR. EZAZ, FBOP Dublin Medical Director; and D. KNUTSON, SPC Administrator, FBOP Dublin,

           Defendants.
                                     /

No. C 09-3253 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at the Federal Prison Camp in Dublin, California, has filed a pro se civil rights complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per

curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

The elements of a private cause of action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and its progeny, are: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*).  When reviewing a *Bivens* action for which there is no case on point, therefore, § 1983 cases are applied by analogy. *See, e.g., Butz v. Economou*, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under *Bivens*); *Van Strum v. Lawn*, 940 F.2d at 409 (same statute of limitation should be used for § 1983 actions as for *Bivens* actions).

**B.   Analysis**

On March 1, 2010, plaintiff filed an amended complaint.  Because no responsive pleading to the original complaint had yet been filed, it was an amendment as of right. *See* Fed. R.Civ.P. 15(a).  It completely replaces the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  It is the amended complaint that is reviewed here.

Plaintiff contends that her Eighth Amendment rights are violated by the conditions of confinement at the camp, and that she has received inadequate medical care, also an Eighth Amendment claim.

### 1. Conditions of Confinement

#### a. Overcrowding

Plaintiff contends that the prison camp houses many more inmates than allowed by the standard of the American Corrections Association. The Ninth Circuit has not constitutionalized American Correctional Association standards requiring that each inmate have 60 square feet of space. *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982). Rather, the adequacy of cell size must be judged in relation to other factors contributing to overcrowding. *Id.* at 1248-49.

Overcrowding itself is not a per se violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Hoptowit*, 682 F.2d at 1249-50. However, the Constitution is violated when overcrowding results in specific effects forming the basis for an Eighth Amendment violation, such as reduction in services and an increase in violence disproportionate to the simple increase in numbers. *Id.* at 1249; *see Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (allegations of increase in stress, tension, communicable diseases, and confrontations between inmates due to overcrowding states 8th Amendment claim). A court may hold prison or jail crowding unconstitutional under the Eighth Amendment only if "an individual plaintiff proves that the crowding causes the infliction of cruel and unusual punishment of that inmate." 18 U.S.C. § 3626(a)(1).

Plaintiff refers to the conditions in Building C-4, but does not say if that is where she is housed. She thus has not alleged that she is subject to the conditions described. She also has failed to allege facts linking any of the named defendants with the alleged violation of her constitutional rights. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [her] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In addition, she has described only mental injuries, namely stress, anxiety, fear, and depression. The Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury, which plaintiff does not allege. *See* 42 U.S.C. § 1997e(e). Thus in this claim she does not state a claim for money damages.

This claim will be dismissed with leave to amend.

        b.      Toxic Living Conditions

Plaintiff contends that she suffers "chronic nausea, bloody sinus mucous, severe headaches, sore throat, inflamation-caused sleep apnea from swollen respiratory tissues and burning skin" from the gases emitted from a severe build-up of pigeon feces inside her housing unit. She also describes how ventilation is inadequate, a claim that is discussed further below under "Lack of Air Circulation."

A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also draw the inference. *Id.* Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005). Because plaintiff has not linked any of the named defendants to the conditions she describes, she has failed to meet this standard. This claim will be dismissed with leave to amend.

        c.      Safety

Plaintiff alleges that on May 30, 2009, she was struck in the back by a large piece of plywood that had been blown off a boarded-up window by a gust of wind. She alleges that leaving the plywood in place for nearly a year was "negligence" and that she "may" have

4

suffered a cracked vertebra. She also has not linked any named defendant with this incident. These allegations are insufficient to state a claim under the *Farmer* standard described above, and thus this claim will be dismissed with leave to amend.

### d. Lack of Air Circulation

Plaintiff contends that the only ventilation is from open windows, and that other inmates often will not cooperate to open them. Inadequate ventilation and air flow violates the Eighth Amendment if it "'undermines the health of inmates and the sanitation of the penitentiary.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1984)). The allegations here are not enough, however, to meet the *Farmer* standard discussed above, and she has not alleged facts linking any named defendant with this condition. This claim will be dismissed with leave to amend.

### e. Lack of Meaningful Training or Employment Opportunities

Plaintiff asserts the inadequacy of training classes and that there are no employment opportunities at the camp. There is no constitutional right to a job or rehabilitation in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course or rehabilitation). This claim will be dismissed with prejudice.

### f. Food Quality

Plaintiff alleges that she is a Buddhist vegan. She asserts that the "non-flesh" meals do not contain enough fresh vegetables and fresh fruit, and that many of the items served are "over-processed." These allegations are insufficient to state a plausible claim for failure to provide a proper diet.[1]

Plaintiff also asserts that a meat-substitute provided caused her blood potassium

---

[1] Contrary to plaintiff's contention, the USDA's recommendations for daily fruit and vegetable consumption do not require that those items be fresh, but rather specifically state that they may be fresh, frozen, canned, or dehydrated. *See* Inside the Pyramid / What foods are in the vegetable group?, http://www.mypyramid.gov/pyramid/fruits.html; Inside the Pyramid / What foods are in the Fruit Group?, http://www.mypyramid.gov/pyramid/vegetables.html (last visited March 11, 2010).

5

levels to soar to a dangerous level, and that when she stopped eating the meat substitute, her potassium levels returned to normal.  For pleading purposes, this allegation is sufficient to assert that the meat substitute caused the elevated potassium levels, but plaintiff has not alleged any facts regarding how elevated her potassium levels were, or any facts regarding the effect of levels elevated to the degree hers were.

Plaintiff's allegation that the meals lacked "essential minerals and vitamins" is conclusory – no facts are provided.

As to all these claims, plaintiff has failed to link the alleged violations of her rights with specific defendants.  These claims will be dismissed with leave to amend.

      g.     Lighting

Plaintiff asserts that on hot days the doors and windows in building C-4 are covered with blackout curtains and the lights are kept off to minimize the heat load, resulting in the inmates sitting in the dark for extended periods.  Although she says that "shady areas" outside are off limits between 5 am and 2 pm, she does not say that inmates are not permitted to leave the darkened building, and her statement that there is not "adequate" lighted common space suggests that using common space may be an option at times.  She also has not provided facts linking these claims with specific defendants.  This claim will be dismissed with leave to amend.

      h.     Inadequate Mattresses

Plaintiff contends that her Eighth Amendment rights are violated by her being given a mattress that is one inch thick.  She contends that the lack of a thicker mattress has exacerbated her back problems.  She has pleaded no facts that would link the mattress to the alleged deterioration in the condition of her back.  This claim will be dismissed with leave to amend.

      i.     Pesticide Use

Plaintiff contends that pesticides, insecticides, and rodenticides are used indiscriminately, not in compliance with instructions for use, and without proper ventilation and safety measures.  She asserts that she has a medical order that she not be exposed to

6

Cyfluthrin insecticide, which causes her respiratory distress, but that "the FBOP" refuses to comply. Plaintiff has not linked the named defendant to this claim. This claim will be dismissed with leave to amend.

**2.    Medical**

Plaintiff contends that she has suffered bone loss as a result of an inadequate diet and the prison's refusal to provide supplemental vitamins and minerals. She has not provided factual allegations regarding the alleged bone loss or facts that would link diet with it. She also has not provided facts linking the named defendants with the alleged violation of her rights. This claim will be dismissed with leave to amend.

Plaintiff also contends that an orthopedic surgeon, Dr. Chipina (not a defendant) ordered orthopedic devices to help support her feet and ankles, but those provided by the prison were inadequate. She also says that Dr. Chipina ordered surgery, but the prison refused to provide it. Again she has not linked these claims with any of the named defendants. This claim will be dismissed with leave to amend.

**C.    Motion for Appointment of Counsel**

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present her claims adequately, and the issues are not complex. Although all the claims in the complaint are dismissed in this order, all that is

necessary for her to amend is facts which should be within her knowledge; if she does not know of any such facts, then she does not have any actionable claims. The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Plaintiff's claim regarding training and employment opportunities is **DISMISSED** with prejudice. It may not be included in the amended complaint allowed below.

2. The other claims in the complaint are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must be on the court's form for prisoner section 1983 complaints, which are in most respects similar to this *Bivens* case. Plaintiff must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of the case. The clerk shall send plaintiff a copy of the court's form packet for prisoner § 1983 complaints with her copy of this order.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute.

4. The motion for appointment of counsel is **DENIED** (doc 3).

**IT IS SO ORDERED.**

Dated: March 17, 2010.

                                        PHYLLIS J. HAMILTON
                                        United States District Judge

P:\PRO-SE\PJH\CR.09\SLICE3258.DWLTA.wpd