United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| FAYE SLICE, | | |
| | Plaintiff, | No. C 09-3253 PJH (PR) |
| vs. | | **ORDER OF SERVICE** |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons; ROBERT McFADDEN, Western Regional Director FBOP; PAUL COPENHAVER, Warden, FCI Dublin; DR. BASILE, FCI Dublin Health Services Administer; DR. EZAZ, FCI Dublin Medical Director; Ms. JOHNSON, Physician's Assistant, FCI Dublin; HARRELL WATTS, Administrator, Inmate Appeals, Washington, D.C.; C.O.T. PRICE, FCI Dublin; Lt. WOLFE, S.I.S. Officer, FCI Dublin, VINCENT REED, Safety Managed, FCI Dublin; and D. KNUTSON, SPC Administrator, FCI Dublin, | | |
| | Defendants. | |

This is a civil rights case filed pro se by a federal prisoner. Her amended complaint was dismissed with leave to amend in the initial review order. She has amended, and the second amended complaint now will be reviewed to determine if it should be served.

**DISCUSSION**

**I.     Second Amended Complaint**

Plaintiff has omitted Harley Lappin as a defendant in her second amended complaint. He will be dismissed from the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants).

Most of plaintiff's claims in her first amended complaint were dismissed because she

had failed to link conditions about which she complained with particular defendants. She has remedied that problem, and her allegations of unconstitutional conditions of confinement and deliberate indifference to serious medical needs are sufficient to require service upon the remaining defendants.

## II.     Motion to Modify Order for Payment of Filing Fee

The court granted plaintiff's motion to proceed in forma pauperis ("IFP"). When IFP status is granted to a prisoner, the court imposes an initial partial filing fee, calculated at twenty percent of the average income to the prisoner's trust account over the preceding six months or twenty percent of the average balance in that account for that period, whichever is higher. 28 U.S.C. § 1915(b)(1). The prisoner then is required to pay the rest of the filing fee in installments out of income to his or her inmate account. *Id.* § 1915(b)(2). Here, the court ordered plaintiff to pay an initial partial filing fee of $49.80. In her motion, plaintiff says that she has lost the job that gave rise to the $49.80 calculation, and now makes only $8.90 a week. Her motion will be granted; no initial partial filing fee is due. *See id.* § 1915(b)(4).

## III.    Motions to File New Information

Plaintiff has filed two documents she calls "Request for Permission to File the Following New Information and Defendants." They were filed ten days apart. On neither is the writing sufficiently dark to be consistently legible. She does not explain what differences there might be between them. The illegibility makes it difficult to be sure, but it appears there are in fact some differences. Because the documents are not legible and because it is unclear why she filed them or what purpose they might serve, the motions will be denied.

**CONCLUSION**

1.     Plaintiff's claims against defendant Lappin are **DISMISSED** with prejudice.

2.     The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this Order, upon the following defendants, who plaintiff says can be found at the Federal Correctional Institution in Dublin, California: Paul Copenhaver,

2

Warden; Ms. Basile, Health Services Administer; Dr. Ezaz, Clinical Director; Ms. Johnson, Physician's Assistant; C.O.T. Price; Lt. Wolfe, S.I.S. Officer; Vincent Reed, Safety Manager; and D. Knutson, Unit Manager, Satellite Prison Camp.

3. Plaintiff has not provided addresses sufficient to allow service on two other defendants against whom she states a claim, Robert McFadden, Western Regional Director FBOP, and Harrell Watts, Administrator, Inmate Appeals, Washington, D.C. If she obtains such addresses she should provide them to the court so service can be ordered.

4. In order to expedite the resolution of this case, the court orders as follows:

a. Defendants shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to her pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to her as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

c. If Defendants wish to file a reply brief, they shall do so no later than fifteen days after service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the

3

document to defendants or defendants' counsel.

6.  Plaintiff's motions to file additional information (documents 17 & 18) are **DENIED** without prejudice to renewing them in legible form.

7.  Plaintiff's motion to modify the initial partial filing fee (document 13) is **GRANTED**. No initial partial filing fee is due.

8.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  March 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\SLICE3253.serve.wpd